UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SECURITIES AND EXCHANGE COMMISSION,

    Plaintiff,

v.                                         Case No. 11-10403

GREGG M. S. BERGER, et al.,

    Defendants.
                                             /

**ORDER GRANTING "EX PARTE MOTION FOR
LEAVE TO REISSUE SUMMONS . . ."**

      Before the court is Plaintiff's motion seeking the reissuance of the summons for Defendant Global Peopleline Telecom, Inc. ("GPPL"), and additional time to personally serve GPPL's registered agent. The court finds that a hearing on the motion is unnecessary. *See* E.D. Mich. LR 7.1(e)(2). For the reasons stated below, the court will grant the motion.

      Plaintiff filed the above-captioned matter on February 1, 2011, and, on February 4, 2011, Plaintiff sent Defendant GPPL's registered agent the summons and complaint by certified mail. On February 14, 2011, GPPL's registered agent accepted the summons and complaint, and, thereafter, Plaintiff filed proof of service prior to the expiration of the original summons believing that it had properly served Defendant under Michigan law. To date, however, no attorney has entered an appearance on behalf of Defendant, nor has Defendant responded to the complaint. In October 2011, while preparing to seek an entry of default against Defendant GPPL, Plaintiff determined that it did not properly effectuate service under Michigan law. It now seeks

an order reissuing the summons and additional time to personally serve Defendant GPPL's agent.

Federal Rule Civil Procedure 4 requires service within 120 days after a complaint is filed. Under Rule 4(m),

> If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to the defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m). It is the plaintiff's burden to establish good cause for failing to timely effect service. *See Habib v. General Motors Corp.*, 15 F.3d 72, 73 (6th Cir 1996). Service of a complaint filed in a federal court is proper by any method permitted for serving a complaint by the state in which the federal court is located. Fed. R. Civ. P. 4(e)(1). Under Michigan law, service of process on a domestic or foreign corporation must be effectuated by personal service on an officer, registered agent, director, trustee, or "person in charge of an office or business establishment." Mich. Ct. R. 2.105(D)(1),(2). Service of process by certified mail is permitted only if: (1) the corporation has failed to appoint and maintain a resident agent; (2) the corporation has failed to keep up its organization by the appointment of officers or otherwise; or (3) the corporation's term of existence has expired. Plaintiff now believes that none of these three circumstances apply, and, therefore, it must personally serve Defendant's registered agent.

Plaintiff has established good cause to extend the time for service of Defendant GPPL. Initially, the court notes that Defendant GPPL will not suffer prejudice from the

extension of the time for service because GPPL's registered agent received the summons and complaint less than two weeks after the case was filed.  Thus, Defendant is fully aware of the nature of the allegations in this case.  Further, there is no evidence to suggest that Plaintiff's misinterpretation of Michigan law was a byproduct of bad faith or dilatory motive.  Indeed, once Plaintiff became aware of the need to personally serve Defendant's registered agent, Plaintiff promptly filed this motion.  Plaintiff also assures the court that the grant of additional time to serve Defendant's agent will have a *de minimis* effect in this case.  After weighing these considerations, the court concludes that Plaintiff's motion should be granted.  Accordingly,

IT IS ORDERED that Plaintiff's "Ex Parte Motion for Leave to Reissue Summons . . ." [Dkt. # 32] is GRANTED.  A second summons may be issued for Defendant Global Peopleline Telecom, Inc., and the summons shall expire 28 days after the issuance of this order.

                                      s/Robert H. Cleland
                                      ROBERT H. CLELAND
                                      UNITED STATES DISTRICT JUDGE

Dated:  December 7, 2011

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, December 7, 2011, by electronic and/or ordinary mail.

                                      s/Lisa Wagner
                                      Case Manager and Deputy Clerk
                                      (313) 234-5522

S:\Cleland\JUDGE'S DESK\C1 ORDERS\11-10403.BERGER.Grant.Additional.Summons.jrc.wpd